EXHIBIT "B"

1  Behrouz Shafie SBN 108581
   Behrouz Shafie & Associates
2  1575 Westwood Blvd., Ste 200
   Los Angeles, CA 90024-5627
3  Phone Number: (310) 201-8470
   Fax Number: (310) 201-8472
4  Email: behrouzshafie@gmail.com

5  Attorney for Plaintiff
   FRED CHAPARLI
6

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 22 2022

7
8                    **SUPERIOR COURT OF CALIFORNIA**

9                    **COUNTY OF SAN BERNADINO**

10 **FRED CHAPARLI**                      )   **By Fax** CASE NUMBER: CIV SB 2 2 0 3 9 7 2
11                                        )
12              Plaintiff,                )   **UNLIMITED JURISDICTION**
                                          )
13                                        )   COMPLAINT FOR DAMAGES
                                          )
14       vs.                              )   1. FOR DEPRIVATION OF RIGHTS
                                          )   UNDER COLOR OF STATE LAW
15 COUNTY OF SAN BERNARDINO, SAN          )   PURSUANT TO 42 U.S.C. §
   BERNARDINO COUNTY SHERIF'S DEPT.       )   1983—CRUEL AND UNUSUAL
16 SHERIFF SHANNON D. DICUS, DR. HOGA     )   PUNISHMENT OF PRISONER BY
   and DOES 1 to 100 Inclusive,           )   PROVISION OF INADEQUATE
17                                        )   MEDICAL CARE
                                          )   2. INTENTIONAL INFLICTION OF
18              Defendants.               )   EMOTIONAL DISTRESS;
                                          )   3. NEGLIGENCE;
19                                        )   4. MEDICAL NEGLIGENCE
                                              DEMAND FOR JURY TRIAL
20
21
22
23
24
25
26
27
28

                              1
                    **COMPLAINT FOR DAMAGES**

CIV SB 2 2 0 3 9 7 2

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Plaintiff alleges:

### FIRST CAUSE OF ACTION

### FOR DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW PURSUANT TO 42 U.S.C. § 1983—CRUEL AND UNUSUAL PUNISHMENT OF PRISONER BY PROVISION OF INADEQUATE MEDICAL CARE

### AGAINST ALL DEFENDANTS

1.  Plaintiff, FRED CHAPARLI (Plaintiff) an Individual, is now, and at all times herein mentioned was, a resident of the City of LOS ANGELES, County of Los Angeles, State of California.

2.  Plaintiff is informed and believes and thereon alleges that Defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIF'S DEPARTMENT ( hereinafter referred to as "SBSD:) AND Does 1 to 100, inclusive, were and are authorized to do business in City of SAN BERNARDINO, County of SAN BERNARDINO, State of California, hereinafter jointly referred to "Defendants" and Does 1 to 100, was working within the scope of their employment as Authorized deputies in SAN BERNARDINO County Sherif's Department and all are collectively referred to as Defendants.

3.  SHERIFF SHANNON D. DICUS Plaintiff is informed and believes and thereon alleges that Defendant, SHERIFF SHANNON D. DICUS of the COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIF'S DEPARTMENT ( hereinafter referred to as "SHERIFF DICUS) and Senior medical officer of the San Bernardino jail, Doe 1, referred to as Senior Medical officer of San BERNADINO were all authorized to do business in City of SAN BERNARDINO, County of SAN BERNARDINO, State of California, hereinafter jointly referred to "Defendants" and Does 1 to 100, was working within the scope of their employment as Authorized Sheriff and Sr. Medical Officer Dr. Hoga in SAN BERNARDINO County Sherif's

2
COMPLAINT FOR DAMAGES

CIV SB 2 2 0 3 9 7 2

1    Department and all are collectively referred to as Defendants.

2    4.    At all times herein mentioned, defendant San BERNADINO County Jail "medical
3          Tank" was, and is, a department of was, and is a county and political subdivision of
4          the State of California, duly organized and existing under the laws of the State of
5          California.

6    5.    At all times herein mentioned, defendant operated  San BERNADINO County Jail
7          "medical Tank" , and is, a local hospital medical facility in the jail,  duly organized and
8          on information and belief existing under the Local Hospital District Law of the State of
9          California and situated in San Bernadino County, California.

10   6.    At all times herein mentioned, defendant County of  was, and is, a county and political
11         subdivision of the State of California, duly organized and existing under the laws of
12         the State of California.

13   7.    At all times herein mentioned, defendant Doe 12, Chief medical officer of  defendant
14         San BERNADINO County Jail "Medical Tank" employee was, and is, a resident of
15         San Bernardino,  County, California.

16   8.    At all times herein mentioned, defendants  owned, operated, and maintained a San
17         BERNADINO County Jail "Medical Tank"  known as  San BERNADINO County Jail
18         "Medical Tank"  in San Bernardino,  County, California, pursuant to a license duly
19         issued by the California State Department of Health.

20   9.    At all times herein mentioned, San BERNADINO County Jail "Medical Tank"
21         employees and defendants DOES I–100 were the agents and employees of defendant
22         San BERNADINO County Jail "Medical Tank" , and in doing the things herein
23         mentioned, were acting within the course and scope of their authority as such agents
24         and employees with the consent of their co-defendants.

25

26

27

28

3

COMPLAINT FOR DAMAGES

CIV SB 2 2 0 3 9 7 2

10. Plaintiff is ignorant of the true names and capacities of Defendants Does 1-100, Inclusive, whether individual, corporate, associate or otherwise, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the fictitiously named Defendants are responsible in some manner for the events and happenings alleged in this complaint and that Plaintiff's injuries as alleged in this complaint were directly and legally caused by that conduct.

11. Plaintiff is informed and believes, and thereon alleges, that at all times herein, Defendants designated herein as Does 1-100, Inclusive, are now, and all times herein were, citizens and/or residents of the State of California and/or were licensed to do business in the State of California.

12. That at all times herein mentioned, DEFENDANTS, and each of them, were the agents and/or servants and/or employees of each of the remaining DEFENDANTS, and were at all times acting within the purpose and scope of said agency and/or service and/or employment, and each DEFENDANT have ratified and approved the acts of his/her agent and/or servant and/or employee.

13. Plaintiff is informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, employees, joint-venturers, and copartners of their said co-defendants and as such, were acting with the course and scope of such agency, service, partnership, joint venture and employment at all times herein mentioned.

4
COMPLAINT FOR DAMAGES

14.   At all times relevant hereto, Defendant SHERIF DEPUTY OFFICERS employed organized, unlawful and illegal customs and practices of excessive force, making false arrests, and intentionally causing emotional distress upon innocent victims. Said misconduct was known by, encouraged, tolerated and/or condoned by Defendant City.

15.   At all times relevant hereto, Defendant SHERIF DEPUTY OFFICERS were acting within the course and scope of their employment as peace SHERIF DEPUTY OFFICERS and employees of the City, which is liable under the principles of respondeat superior for said employees' tortious conduct pursuant to section 815.2 of the California Government Code.

16.   At all applicable times, Defendant SHERIF DEPUTY OFFICERS were acting in the course and scope of their employment as peace SHERIF DEPUTY OFFICERS with the SBSD. The acts, omissions and conduct of Defendants were authorized, ratified and/or approved of by each of the other Defendants herein.

17.   Defendant SHERIF DEPUTY OFFICERS, SBSD, COUNTY, and Does 1-100 (hereinafter collectively "Defendants"), and each of them, were employees, employers, supervisors, managers, agents, joint venturers, directors, principals, or persons who were otherwise employed by or working with each of the other Defendants.

18.   Plaintiff is informed and believes and thereon alleges that each of these Defendants engaged in intentional, reckless, or grossly negligent conduct, and are responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were directly and legally caused by the wrongful conduct of Defendants and each of them.

COMPLAINT FOR DAMAGES

19. The Defendants, in carrying out the acts complained of herein, were acting in the course and scope of their employment with the COUNTY, or as the employer, employee, principal, co-conspirator, and/or the agent of each of the other Defendants, and/or in concert with the other defendants, and/or in partnership with the other Defendants, and/or as a joint venturer with the other Defendants.

20. Plaintiffs claims are authorized by Government Code section 815.2 which provides in pertinent part: "A public entity is liable for injury directly and legally caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."

21. The actions of Defendants were carried out under color of authority and the County's SHERIF DEPUTY OFFICERS were acting within the course of their employment at the time of the events described herein.

22. Reference to actions or conduct of "Defendants" shall include the singular and plural, and shall include all defendants in this action, whether named or designated as a Doe. Reference to any singular defendant shall include all Doe defendants to which the facts are later shown to apply.

23. Each principal Defendant and/or Defendant employer herein had advance knowledge, warning of unfitness of each Defendant agent, and/or employee, and employed or continued to employ each such agent and/or employee with a conscious disregard for the rights or safety of Plaintiff and others and/or otherwise authorized and ratified the wrongful conduct of each such agent and/or employee.

CIV SB 2 2 0 3 9 7 2

24. **JURISDICTION**

25. This action at law for money damages arises under the United States Constitution, the California State Constitution, the Ralph and Bane Acts, Title 42 U.S.C. Section 1983 and all other laws of the State of California and common law principles to redress a deprivation under color of state law of rights privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution and relevant portions of the California State Constitution.

26. **VENUE**

27. The incident giving rise to this litigation occurred in the jail within SAN BERNARDINO COUNTY. Venue is therefore proper in the SAN BERNARDINO County Superior Court, Central District (Stanley Mosk Courthouse).

28. **FACTS APPLICABLE TO ALL CAUSES OF ACTION**

29. This is an action brought under 42 U.S.C. § 1983 to obtain and recover damages against defendants for violation of plaintiff's right to be free of cruel and unusual punishment, guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

30. The jurisdiction of this Court is predicated on 28 U.S.C. §§ 1331 and 1343.

31. Plaintiff, FRED CHAPARLI, is, and at all times mentioned in this complaint was, a citizen of the United States, and a prisoner, in the custody of the California Department of Corrections, at San BERNADINO County Jail, in San Bernardino County, California.

32. Defendant County of San Bernardino is, and at all times mentioned in this complaint was, and is a County authorized by the State of California, and is located in San Bernardino county, California. Venue is therefore proper under 28 U.S.C. § 1391(b).

33. A substantial part of the events giving rise to this action occurred in San Bernardino county, California. Venue is therefore proper under 28 U.S.C. § 1391(b).

34. Defendant was, at all times mentioned in this complaint, legal authorised employees that operate and staff the San BERNARDINO Jail, of San BERNADINO county sheriff, medical staff, medical professionals, and management, chief at the prison all employed by the County of San Bernardino defendant's capacity as a government agent, an agent of the County of San Bernardino employed as Chief Medical Officer at San Bernardino County Jail.

35. Defendant was, at all times mentioned in this complaint, acting in the course and scope of his or her employment, as Chief Medical Officer at San Bernardino County Jail.

36. Defendant was, at all times mentioned in this complaint, acting under color of state law.

37. Defendant is sued in his or her individual and official capacities.

38. Plaintiff required to be housed in sanitary conditions and not exposed to disease and infections. Plaintiff required medical care for infections, and his hearing. Defendants' provided inadequate medial treatment and housed Plaintiff in an area in the jail that was contaminated with infections and diseased persons and did not isolate or protect the plaintiff from becoming infected with these infections and infectious conditions. The medical care fell below the standard of care of of the medical facilities and medical doctors staff and treatment.

CIV SB 2 2 0 3 9 7 2

39. In acting as alleged in this complaint, defendant acted with deliberate indifference to plaintiff's serious medical needs.

40. In acting as alleged in this complaint, defendant violated plaintiff's right to be free of cruel and unusual punishment, guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

41. As a direct and proximate result of defendant's actions, described in this complaint, plaintiff has suffered injury, pain, and emotional distress in that plaintiff lost 100% of his hearing in his right ear and 70% in his left ear, and severe pain, and emotional distress, and any other damage suffered by plaintiff as a result of defendant's provision of inadequate medical care.

42. In acting as is alleged in this complaint, defendant acted knowingly, willfully, and maliciously, and with reckless and callous disregard for plaintiff's federally protected rights.

43. As a result of defendant's actions, plaintiff has suffered and will continue to suffer extreme hardship and actual and impending irreparable permanent loss of hearing injury, pain, and/or emotional distress in that permanent loss of hearing loss, and emotional distress that plaintiff suffers and will suffer.

44. Plaintiff exhausted available administrative remedies, by filing the required county claim.

45. Plaintiff was incarcerated in San Bernadino jail from 10/17/19 to 6/1/2020. Defendants' refused the Plaintiff's request to be prescribe and administer steroids while in jail for plaintiff's asthma. The Defendants delayed providing the medicine for more than a month, in that month, Plaintiff almost died was unable to breathe and unable to stand up and caught a bacteria. During his incarceration he was lodged in the medical tank the County exposed Plaintiff to many homeless serious diseased people and unsanitary conditions in close proximity to other sick people and Plaintiff contracted a bacteria that destroyed his hearing 100% in the right ear and 70% in his

left ear. This is county and sheriff negligence, and inadequate training, hiring, retention, and as part of a custom and practice and a lack of providing sanitary conditions in jail in medical unit for prisoners and the Plaintiff, practiced by the Defendants, and each of them. Compensatory and punitive damages are sought against the individual law enforcement SHERIF DEPUTY OFFICERS involved in the deprivation of Plaintiffs civil rights as guaranteed by the laws of both the United States and the State of California, as well as against the individually named Defendants herein and each of them.

46.  As a consequence of the unlawful actions of the SHERIF DEPUTY OFFICERS as described herein, Plaintiff, suffered severe physical and emotional injuries due to the unnecessary, unreasonable, excessive use of force and abuse of power exerted upon him by Defendants he was brutally and savagely beaten unconscious and unlawfully arrested. Further, Plaintiff continues to suffer from the harm caused to Plaintiff by the SHERIF DEPUTY OFFICERS' intentional and/or negligent and unnecessary, unreasonable, and gross negligence in not providing clean and sanitary premises for the Plaintiff.

47.  As a direct and legal result of the negligence of defendant[s, and each of them,] plaintiff was hurt and injured in his/her health, strength, and activity, sustaining injury to his/her nervous system and person, all of which injuries have caused, and continue to cause, plaintiff great mental, physical, emotional, and nervous pain and suffering. [Plaintiff is informed and believes and on this information and belief alleges that these injuries will result in permanent disability to him. As a result of these injuries, plaintiff has suffered general damages.

10
COMPLAINT FOR DAMAGES

CIV SB 2 2 0 3 9 7 7

48.  As a further direct and legal result of the negligence of defendants' and each of them, plaintiff has incurred, and will continue to incur, medical and related expenses. Plaintiff does not know at this time the exact amount of expenses that have been incurred and that will be incurred in the future.

49.  Plaintiff has complied with all government claims notice procedures, his claim and county's response is attached as Exhibit 1 and is incorporated herein by this reference.

50.  SECOND CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

51.  Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 41 above as though fully set forth herein.

52.  The Defendants' actions as set forth herein occurred during the course and scope of their employment for the COUNTY, through the SBSD, and were both intentional and malicious. The conduct of Defendants, and each of them was willful, wanton, oppressive, fraudulent, despicable, threatening, evil, intimidating and beyond that which should be tolerated by a civilized society. The acts of these Defendants were carried out with a conscious disregard of the likelihood of causing injury, suffering, or distress to Plaintiffs, and involved reckless and callous indifference to the state and federally protected rights of others. Therefore punitive damages in a sum according to proof, consistent with the net worth of these Defendants and in a sum sufficient to deter similar such conduct in the future is also sought against all individual and non municipal defendants.

53.  As a legal result of such intentional misconduct, exhibited by Defendants, Plaintiff sustained injuries and damages in a sum to be ascertained according to proof. As a further legal result of Defendants' intentional misconduct, Plaintiff suffered and continues to suffer severe anxiety, worry, emotional distress, and mental anguish, all resulting in damages in a sum to be ascertained according to proof.

---

11

COMPLAINT FOR DAMAGES

54. As a further legal result of such misconduct, Plaintiff incurred expenses for medicines, medical treatment, therapy, and/or other related expenses, attorneys fees, litigation costs and other general and special damages in a sum to be ascertained according to proof.

55. As a further legal result of Defendants' intentional misconduct, Plaintiff suffered incidental and consequential damages in an amount according to proof.

56. As a direct and legal result of the negligence of defendant[s, and each of them,] plaintiff was hurt and injured in his/her health, strength, and activity, sustaining injury to his/her nervous system and person, all of which injuries have caused, and continue to cause, plaintiff great mental, physical, emotional, and nervous pain and suffering. [Plaintiff is informed and believes and on this information and belief alleges that these injuries will result in permanent disability to him. As a result of these injuries, plaintiff has suffered general damages.

57. As a further direct and legal result of the negligence of defendants' and each of them, plaintiff has incurred, and will continue to incur, medical and related expenses. Plaintiff does not know at this time the exact amount of expenses that have been incurred and that will be incurred in the future

58. Because the acts and omissions of Defendants were carried out in a deliberate, cold, callous, intentional and/or unreasonable manner, causing injury and damage to Plaintiff as set forth above, and done with a conscious disregard of Plaintiffs rights and safety, Plaintiff requests the assessment of punitive damages against said Defendants, in an amount appropriate to punish or set an example of said Defendants.

CIV SB 2 2 0 3 9 7 2

59.    **THIRD CAUSE OF ACTION FOR NEGLIGENCE AGAINST ALL DEFENDANTS**

60.    Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 48 above as though fully set forth herein.

61.    On or about October, 2019 to June 1, 2022 the time Plaintiff was housed in unsanitary conditions in the jail, and thereafter, Plaintiff was entitled to the duty of due care by Defendants and each of them.

62.    On or about said date, Defendants, and each of them, breached the duty of care owed to Plaintiff in that defendants negligently subjected Plaintiff to injury, harm and damage by having him be housed in an unsanitary Medical Tank housing..

63.    In doing the aforementioned acts, defendants' breach of duty was negligent, and caused Plaintiff to suffer emotional and mental distress, fear, anxiety, and mental anguish.

64.    As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, mental and emotional distress and is entitled to and demands damages against defendants jointly and severally, including, As a direct and legal result of the negligence of defendants, and each of them, plaintiff carelessly failure to adequately attend to plaintiff's safety, failed to keep the medical Tank clean and sanitary and free form infections, failed to keep other infected inmates form the Plaintiff, failed to treat the plaintiff for his infections to prevent his hearing loss, , although defendants, and each of them, knew, or in the exercise of reasonable care for plaintiff's safety should have known, that plaintiff was likely to become infected while held in the Jail medical Tank and lost his hearing and suffered the injuries hereinafter alleged.

65. As a direct and legal result of the negligence of defendants, and each of them, plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock to his nervous system and person, all of which injuries have caused, and continue to cause, plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that such injuries has resulted in a permanent disability to him a loss of hearing 100% in right ear and 70% in left ear. As a result of such injuries, plaintiff has suffered general damages.

66. As a direct and legal result of the negligence of defendant[s, and each of them,] plaintiff was hurt and injured in his/her health, strength, and activity, sustaining injury to his/her nervous system and person, all of which injuries have caused, and continue to cause, plaintiff great mental, physical, emotional, and nervous pain and suffering. [Plaintiff is informed and believes and on this information and belief alleges that these injuries will result in permanent disability to him. As a result of these injuries, plaintiff has suffered general damages.

67. As a further direct and legal result of the negligence of defendants' and each of them, plaintiff has incurred, and will continue to incur, medical and related expenses. Plaintiff does not know at this time the exact amount of expenses that have been incurred and that will be incurred in the future

68. As a further direct and legal result of the negligence of defendants, and each of them, plaintiff has been required to expend money and incur obligations, and will continue to expend money and incur obligations, for medical services, X rays, drugs, and sundries reasonably required in the treatment and relief of the injuries herein alleged. Plaintiff has been damaged thereby.

COMPLAINT FOR DAMAGES

CIV SB 2 2 0 3 9 7 2

69.   As a further direct and legal result of the negligence of defendants, and each of them, plaintiff was prevented from attending to his usual occupation as an owner/employee tire wholesale business for a period of 18 months to the date of the filing of this complaint and thereby lost earnings.  Plaintiff will not be able to earn income in the future until the date of his death due to Defendant's negligence.

70.   On the date he sustained the injuries caused by the defendant's negligence as herein above alleged and for  years prior thereto, the plaintiff was a full-time owner employee of is business as  in , and in that employment was receiving a salary of $8,000.00 per month. As a direct and proximate result of his injuries and because of same, the plaintiff was prevented from performing, and was unable to do or perform, his work in such employment for a period of the last 18 months, whereby he has been damaged in the sum of $ 144,000.00.

71.   By reason of his injuries caused by the defendant's negligence as herein stated, the plaintiff will be prevented from performing and will be unable in the future to do or perform his work in his employment for a period of  months, whereby he has suffered additional damage in the sum of $$96,000.00 a year for the next 40 years Plaintiff's life expectancy for a total amount due of $3,840.000.00.

72.   By reason of  his injuries caused by the defendant's negligence as herein above alleged, the plaintiff will be prevented from performing and will be unable in the future to do or perform his work in his employment for a period of time as yet unknown to him, and leave of court is hereby requested to amend this complaint to allege the total time lost from his work, and the amount of his damages caused thereby when same shall have been determined.

FOURTH  CAUSE OF ACTION FOR  COMPLAINT FOR DAMAGES

[Civ. Code § 3333, 3333.2] for Personal Injuries Based on Professional Negligence

AGAINST ALL DEFENDANTS

COMPLAINT FOR DAMAGES

CIV SB 2 2 0 3 9 7 2

73. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 60 above as though fully set forth herein.

74. 6. On or about 10/1/2019, plaintiff entered the Medical Tank for the purpose of asthma, infection in his sinuses and ears. At that time, defendants, and each of them, undertook to provide plaintiff with such care and attendance as plaintiff might require while he was a patient in the San Bernardino Jail Medical Tank.

75. On or about October 2019, while plaintiff was a patient in the  San Bernardino Jail Medical Tank,  defendants, and each of them, negligently and carelessly  failure to adequately attend to plaintiff's safety, failed to keep the medical Tank clean and sanitary and free form infections, failed to keep other infected inmates form the Plaintiff, failed to treat the plaintiff for his infections to prevent his hearing loss, , although defendants, and each of them, knew, or in the exercise of reasonable care for plaintiff's safety should have known, that plaintiff was likely to become infected while held in the Jail medical Tank.

76. As a direct and legal result of the negligence of defendants, and each of them, plaintiff carelessly  failure to adequately attend to plaintiff's safety, failed to keep the medical Tank clean and sanitary and free form infections, failed to keep other infected inmates form the Plaintiff, failed to treat the plaintiff for his infections to prevent his hearing loss, , although defendants, and each of them, knew, or in the exercise of reasonable care for plaintiff's safety should have known, that plaintiff was likely to become infected while held in the Jail medical Tank and lost his hearing and suffered the injuries hereinafter alleged.

CIV SB 2 2 0 3 9 7 2

77.   As a direct and legal result of the negligence of defendant[s, and each of them,] plaintiff was hurt and injured in his/her health, strength, and activity, sustaining injury to his/her nervous system and person, all of which injuries have caused, and continue to cause, plaintiff great mental, physical, emotional, and nervous pain and suffering. [Plaintiff is informed and believes and on this information and belief alleges that these injuries will result in permanent disability to him. As a result of these injuries, plaintiff has suffered general damages.

78.   As a further direct and legal result of the negligence of defendants' and each of them, plaintiff has incurred, and will continue to incur, medical and related expenses. Plaintiff does not know at this time the exact amount of expenses that have been incurred and that will be incurred in the future

79.   As a direct and legal result of the negligence of defendants, and each of them, plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock to his nervous system and person, all of which injuries have caused, and continue to cause, plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that such injuries has resulted in a permanent disability to him a loss of hearing 100% in right ear and 70% in left ear. As a result of such injuries, plaintiff has suffered general damages.

80.   As a further direct and legal result of the negligence of defendants, and each of them, plaintiff has been required to expend money and incur obligations, and will continue to expend money and incur obligations, for medical services, X rays, drugs, and sundries reasonably required in the treatment and relief of the injuries herein alleged. Plaintiff has been damaged thereby.

CIV SB 2 2 0 3 9 7 2

1    81.    As a further direct and legal result of the negligence of defendants, and each of them,

2          plaintiff was prevented from attending to his usual occupation as an owner/employee

3          tire wholesale business for a period of 18 months to the date of the filing of this

4          complaint and thereby lost earnings.  Plaintiff will not be able to earn income in the

5          future until the date of his death due to Defendant's negligence.

6    82.    On the date he sustained the injuries caused by the defendant's negligence as herein

7          above alleged and for  years prior thereto, the plaintiff was a full-time owner employee

8          of is business as  in , and in that employment was receiving a salary of $8,000.00 per

9          month. As a direct and proximate result of his injuries and because of same, the

10         plaintiff was prevented from performing, and was unable to do or perform, his work

11         in such employment for a period of the last 18 months, whereby he has been damaged

12         in the sum of $ 144,000.00.

13   83.    By reason of his injuries caused by the defendant's negligence as herein stated, the

14         plaintiff will be prevented from performing and will be unable in the future to do or

15         perform his work in his employment for a period of  months, whereby he has suffered

16         additional damage in the sum of $$96,000.00 a year for the next 40 years Plaintiff's life

17         expectancy for a total amount due of $3,840.000.00.

18   84.    By reason of  his injuries caused by the defendant's negligence as herein above alleged,

19         the plaintiff will be prevented from performing and will be unable in the future to do

20         or perform his work in his employment for a period of time as yet unknown to him,

21         and leave of court is hereby requested to amend this complaint to allege the total time

22         lost from his work, and the amount of his damages caused thereby when same shall

23         have been determined.

24

25

26

27

28

18

COMPLAINT FOR DAMAGES

CIV SB 2 2 0 3 9 7 2

85. On or about 8/6/2021, plaintiff presented to San BERNADINO County by delivering a claim to the clerk for the injuries, disability, losses, and damages suffered and incurred by him by reason of the above-described occurrence, all in compliance with the requirements of Section 905 of the Government Code. A copy of the claim is attached hereto as Exhibit 1 and made a part hereof.

86. On or about September 3, 2021, San Bernardino County rejected the claim in its entirety or allowed the claim in the amount of $2,010,000.00 and rejected it as to the remainder or failed to act on the claim within the period of 45 days after its presentation, and the claim was thus deemed rejected, under the provisions of Section 912.4 of the Government Code, at the expiration of the 45-day period, to wit, on 9/21/2021.

87. Plaintiff gave notice to defendant on 8/6/2021, of intention to commence this action. A copy of the notice is attached hereto as Exhibit 1 and made a part hereof.

WHEREFORE, plaintiff prays judgment against all Defendants:

1. Compensation for both economic and non economic damages suffered and to be suffered;

2. Medical, legal and other expenses incurred by Plaintiff;

3. Future medical expenses.

4. Compensatory damages caused by deprivation of Plaintiff's constitutional rights;

5. Lost wages to date of $144,000.00

6. Lost Future wages and earning capacity of $3,840,000.00

7. Litigation costs;

8. Attorneys' fees, as allowed by statute;

9. Prejudgment Interest;

10. Civil Penalties as allowed by law.

11. Punitive damages (against the non-municipal Defendants only);

12. Any other relief or damages allowed by law, or statutes not set out above, and such further

1    relief as this Court deems just and proper at conclusion of trial.

2    FOR ALL CAUSES OF ACTION

3    12. For costs of suit herein incurred; and

4    13. For such other and further relief as the court may deem proper.

5    Dated: February 15, 2022                    Behrouz Shafie & Associates

6
                                          By: _____
7                                             Behrouz Shafie SBN 108581,
                                              Attorney for Plaintiff
8                                             FRED CHAPARLI

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    20

1
2
3
4
5
6
7
8
9
10

# EXHIBIT 1

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

19
COMPLAINT FOR DAMAGES

FEB/ 22/ 2022/ 10E 01:55 PM

# CLAIM AGAINST COUNTY OF SAN BERNARDINO
*(CLAIM FORM MUST BE FILLED OUT PROPERLY OR CLAIM WILL BE RETURNED WITHOUT FILING)*

DATE: 07/26/2021

Claim is hereby made against the treasury of the County of San Bernardino, State of California, as follows:

- Less than $10,000 – State the total amount claimed $ _$2,020,000.00_
- More than $10,000 – Check one of the boxes:
  - ☐ Municipal Court Jurisdiction ($10,000 - $25,000)   ☒ Superior Court Jurisdiction ($25,001 and up)

Claimant makes the following statements in support of the claim:

1. Name of Claimant:   FRED                         CHAPARLI
   
   _First_           _Middle_           _Last_           _(Area Code and Phone No.)_

2. Address of Claimant: 11740 WILSHIRE BLVD.,A-2401,      LOS ANGELES         CA 90025
   
   _Street_                    _City_                  _Zip Code_

3. Notices concerning claim should be sent to:
   BEHROUZ SHAFIE ESQ. 1576 WESTWOOD BLVD. STE 200, LA CA 90024
   
   _Name_                  _Address_               _Zip Code_           _(Area Code and Phone No.)_

4. Circumstances giving rise to claim are as follows:
   CLAIMANT WAS INCARCERATED IN SAN BERNAIDNO JAIL FROM 10/17/19 TO 5/20/20.
   During his incarceration he was lodged in the Medical tank exposed to many diseased people and
   unsanitary conditions and contracted a bacteria that destroyed his hearing 100% in the right ear
   and 70% in his left ear

5. Date, Time and Place (city, street, cross-street) damage occurred and nature thereof:
   diagnosed on 5/11/2021, injury ocurred in jail

6. Public property and/or public officers or employees causing injury, damage or loss:
   San Berndirio County Sheriff's dept. incarcerated him

7. Name, address and telephone number of witnesses:
   Howard Schneider, public defender   Medical staff at jail

8. Basis of computation of claimed amount is as follows:

   Medical expenses to date   $10,000.00            Loss wages
   Estimated future medical expenses $10,000.00      General damages $10,000.00
   Other expenses                                   Property damage
   Other damages      $2,000,000.00

   _Claimant or Representative (Signature)_

**RETURN COMPLETED FORM TO:**
Risk Management Division – County of San Bernardino, State of California        Office:  (909) 386-8631
222 W. Hospitality Lane, 3rd Floor                                             Fax:     (909) 382-3212
San Bernardino, CA  92415-0016

07-8387-286

CIV SB 2 2 0 3 9 7 2

1

2              **PROOF OF SERVICE**

        I am a resident of, or employed in, the County of Los Angeles.  I am over the age of 18
3  and not a party to this action.  My business address is 1575 Westwood Blvd., Ste 200, la ca
   90024.

4
        On July 26, 2021 I served the document(s) entitled CLAIM AGAINST COUNTY OF
5  SAN BERNARDINO by the following methods:

6  ☒ **U.S. MAIL** - By enclosing the above document(s) in a sealed envelope, with postage
   fully prepaid, addressed as per the attached Service List, for collection and mailing from my
7  above business address.  I am readily familiar with my firm's practice of collection and
   processing correspondence for mailing.  Under that practice, the document is deposited with the
8  U.S. Postal Service on the same day as it is collected and processed for mailing in the ordinary
   course of business. SEE SERVICE LIST

9
   ☐ **OVERNIGHT DELIVERY** - By delivering the above document(s) in a sealed
10 envelope designated by the express service carrier, with delivery fees paid, addressed as per the
   attached Service List, to a facility regularly maintained by the express service carrier or to a
11 courier authorized by the express service carrier to receive documents.

12 ☐ **PERSONAL SERVICE** - By personally delivering the above document(s) to the:
       ☐ **person(s) identified** on the attached Service List.
13     ☐ **person(s) in charge** at the office address(es) listed on the attached Service List, or if
         no one is in charge leaving the document(s) in a conspicuous place in the office(s).
14     ☐ **person(s) of suitable age and discretion** who reside(s) at the address(es) listed on
         the attached Service List.

15 ☐ **ELECTRONIC SERVICE** - Pursuant to court order or agreement by the parties, by
   electronically transmitting the above document(s) via:
16     ☐ **electronic mail** to the person(s) at the electronic mail address(es) listed on the
         attached Service List.  To my knowledge, the transmission was completed without
17       error.
       ☐ **an electronic filing service provider,** named _____ to the
18       person(s) listed on the attached Service List. To my knowledge, the transmission
         was completed without error.  *(See Cal.R.Ct.R. 2.253,2.255,2.260)*

19
   ☒ **FAX** - Pursuant to court order or agreement by the parties, by transmitting the above
20 document(s) via fax to the person(s) at the fax number(s) listed on the attached Service List.  To
   my knowledge, the transmission was completed without error.

21
   Executed this 26ᵗʰ day of July, 2021, at Los Angeles.

22
   ☒ **STATE** - I declare, under penalty of perjury under the laws of the State of California,
23   that the foregoing is true and correct.

24 ☐ **FEDERAL** - I declare that I am employed in the office of a member of the Bar of this
     court at whose direction the service was made.  I declare, under penalty of perjury,
25   under the laws of the United States of America, that the foregoing is true and correct.

26

27
                                    SHARON SOVOTA
28

                              **PROOF OF SERVICE**

CIV SB 2 2 0 3 9 7 2

1

SERVICE LIST

2

3    Risk Management Division
     County of San Bernardino,
4    State of California
     222 W. Hospitality Lane,
5    3rd Floor
     San Bernardino, CA 92415-0016
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**



222 West Hospitality Lane, Third Floor, San Bernardino, CA 92415

www.SBCounty.gov

**Department of Risk Management**

Victor Tordesillas
Interim Director

**Phone Number**
909.386.8855

**Fax Numbers**
Admin/Fiscal:   909.382.3211
Workers Comp: 909.386.8711
Liability:   .   909.382.3211
Safety:       909.382.3212

August 6, 2021

Fred Chaparli
c/o Law Offices of Behrouz Shafie & Assoc.
1575 Westwood Blvd., #200
Los Angeles, CA 90024

RE:   Claimant................ Fred Chaparli
      Date of Loss............05/11/2021
      Our File..................137823

Dear Fred Chaparli:

We are in receipt of your claim against the County of San Bernardino and are currently investigating the circumstances surrounding your claim. A decision regarding the County's liability will be made upon completion of the investigation or within 45 days of our receipt of your claim.

If you have any questions, please contact me at (909) 386-8646.

Respectfully,

Michael R Lee
Liability Claims Rep III
DEPARTMENT OF RISK MANAGEMENT

Receipt of claim letter

BOARD OF SUPERVISORS

COL. PAUL COOK (RET.)   JANICE RUTHERFORD   DAWN ROWE   CURT HAGMAN   JOE BACA, JR.   Leonard X. Hernandez
First District          Second District     Vice Chair, Third District   Chairman, Fourth District   Fifth District   Chief Executive Officer



222 West Hospitality Lane, Third Floor, San Bernardino, CA 92415

www.SBCounty.gov



SAN BERNARDINO
COUNTY

**Department of
Risk Management**

Victor Tordesillas
Interim Director

Phone Number
909.386.8655

Fax Numbers
Admin/Fiscal:  909.382.3211
Workers Comp: 909.386.8711
Liability:       909.382.3211
Safety:          909.382.3212

September 3, 2021

Fred Chaparli
c/o Law Offices of Behrouz Shafie & Assoc.
1575 Westwood Blvd., #200
Los Angeles, CA 90024

**RE:**   Claimant................ Fred Chaparli
Date of Loss............05/11/2021
Amount of Claim...... Undetermined
Our File.................137823

Notice is hereby given that the claim which you presented to the County of San Bernardino on 7/30/2021 was rejected on 9/3/2021.

**WARNING**

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Michael R Lee
Liability Claims Rep III
DEPARTMENT OF RISK MANAGEMENT
(909) 386-8646

BOARD OF SUPERVISORS

COL. PAUL COOK (RET.)  JANICE RUTHERFORD  DAWN ROWE  CURT HAGMAN  JOE BACA, JR.
First District          Second District    Vice Chair,Third District  Chairman, Fourth District  Fifth District

FAA NO                                    P. 029

CIV SB 2 2 0 3 9 7 2

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA          )
                             )    ss:
COUNTY OF SAN BERNARDINO )

    I, the undersigned, declare:

    I am employed in the County of San Bernardino, State of California; I am over the age of 18 years and not a party to this action; my business address is 222 West Hospitality Lane, Third Floor, San Bernardino, California, 92415-0016. I am familiar with this office's practice for collection and processing of documents for mailing with the United States Postal Service. The documents are deposited with the United States Postal Service on the same day in the ordinary course of business. On the date written below, I served the document named below on the parties indicated by placing a true copy thereof enclosed in a sealed envelope for collection and mailing from 222 West Hospitality Lane, Third Floor, San Bernardino, Ca. following ordinary business practice, addressed as follows, and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed on September 3, 2021, at San Bernardino, California.

**DOCUMENT: BSWARa**

**PARTIES SERVED:**

**Fred Chaparil**
**c/o Law Offices of Behrouz Shafie & Assoc.**
**1575 Westwood Blvd., #200**
**Los Angeles, CA 90024**

Declarant

proofsvc